722 F.2d 711
 Harry Joseph FINN, d/b/a University Insurance, Plaintiff-Appellant,
v.
Bill GUNTER, Allan J. Katz, Billy P. Canova, Robert A.
Breckinridge, William T. Nunley, Henry E. Smith, Patrick H.
Brenner, Jr., Russell W. Todd, Ellis A. Quigley, Robert E.
McKenna and Thomas K. Sturgis, etc., Defendants-Appellees.
 Nos. 82-5540, 83-3051.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 12, 1984.
 
 John A. Barley, Tallahassee, Fla., for plaintiff-appellant.
 Ken Hoffman, Oertel & Laramore, Tallahassee, Fla., for defendants-appellees.
 Appeals from the United States District Court for the Northern District of Florida.
 Before FAY and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 FAY, Circuit Judge:
 
 
 1
 Appellant, Harry Joseph Finn d/b/a University Insurance appeals two separate orders by the United States District Court for the Northern District of Florida granting summary judgment. The district court sua sponte converted a Rule 12(b)(6) motion to dismiss into a summary judgment motion and did not give the appellant the 10 day notice required by Rule 56(c) before granting partial summary judgment. The findings made in this order were the basis for the court's final summary judgment order. Since it is well established in this circuit that we strictly enforce the notice requirement of Rule 56(c), Herron v. Beck, 693 F.2d 125 (11th Cir.1982), we reverse both orders and remand for further proceedings consistent with this opinion.
 
 PROCEDURAL BACKGROUND
 
 2
 On July 18, 1980, Finn, a licensed insurance agent, filed a complaint in district court against Bill Gunter, the Insurance Commissioner, and the Insurance Department alleging violations of his federal constitutional rights as a result of an investigation by these individuals of his insurance practice. He sought injunctive, declaratory and compensatory relief pursuant to 42 U.S.C. Secs. 1983 and 1985 (1976) and 28 U.S.C. Secs. 2201 and 2202 (1976). He also challenged the constitutionality of Florida's Insurance Code, Fla.Stat. Secs. 626.601, .611, .621, .989 (1982). Finn also requested a temporary restraining order to halt the investigation and the license revocation proceedings. After a hearing, the court denied relief. Since this denial was subsequently upheld by the Fifth Circuit on an interlocutory appeal, Finn was unable to stay the state's revocation proceedings.
 
 
 3
 On June 1, 1981, Mr. Gunter filed a motion to dismiss and the district court stayed consideration of this motion until the state administrative and judicial processes were completed. When Finn had finally exhausted his state remedies, the district court ruled on the motion to dismiss. The court began its order by stating that it was converting "defendant's motion to dismiss into a motion for partial summary judgment," App.R. at 293, and then granted the summary judgment, even though no actual notice had been given to the parties. The district judge further directed the parties to file cross-motions for summary judgment on the constitutionality of Florida's insurance code so that he then could rule on the remaining claims.
 
 
 4
 On May 29, 1982, Finn appealed the order granting partial summary judgment.[1] On January 3, 1983, the district court entered final summary judgment for Mr. Gunter on the remaining claims, which had been fully briefed by both parties. Finn appealed this last order on January 6, 1983.[2] Both appeals were consolidated by this court on February 18, 1983.
 
 NOTICE REQUIREMENT
 
 5
 Rule 12(b) of the Federal Rules of Civil Procedure requires:
 
 
 6
 If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
 
 
 7
 Rule 56(c) reads in relevant part: "The motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing." This rule thus mandates a hearing on the summary judgment motion and at least 10 days notice of that hearing.[3] This notice requirement is embodied by reference in Rule 12(b).
 
 
 8
 The defendant-appellee in this case filed a Rule 12(b)(6) motion with various attached exhibits. Appellant responded to the motion and also attached exhibits. The court considered all these documents in rendering its decision. The 12(b)(6) motion thus was converted into a summary judgment motion necessitating all the procedural safeguards of Rule 56. Georgia Southern & Florida Railway Co. v. Atlantic Coast Line Railroad Co., 373 F.2d 493 (5th Cir.), cert. denied, 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (1967). This circuit has consistently upheld the strict notice requirements of rules 12(b) and 56(c). Herron v. Beck, 693 F.2d 125 (11th Cir.1982); Hickey v. Arkla Industries, Inc., 615 F.2d 239 (5th Cir.1980); Underwood v. Hunter, 604 F.2d 367 (5th Cir.1979); Davis v. Howard, 561 F.2d 565 (5th Cir.1977).[4] Since the district court in this case failed to comply with the 10 day notice requirement when issuing partial summary judgment, we reverse and remand so that the district court may give Finn adequate notice.
 
 
 9
 It is clear why we strictly follow the notice requirement of Rule 56. A motion to dismiss may result in a rejection of the complaint but it does not finally resolve the case. When this type of motion is before the court counsel are generally addressing questions of law. A summary judgment, on the other hand, carries far greater impact since it results in a final adjudication of the merits. "The very intimation of mortality when summary judgment is at issue assures us that the motion will be rebutted with every factual and legal argument available." Georgia Southern & Florida Ry. Co. v. Atlantic Railroad, 373 F.2d at 498. Appellee argues that Finn has already provided everything that he could. Appellant says there is additional material that can and will be filed. What is important is that Finn must be given an opportunity to present every factual and legal argument available.[5] Proper procedures must be followed. We will not speculate on what action the parties will take nor the possible ruling by the trial court. Nor do we make any comments upon the merits of the claims presented.
 
 
 10
 The second summary judgment order disposed of appellant's remaining claims challenging the constitutionality of Florida's insurance code. The district court found that it had no jurisdiction to hear these claims because earlier the partial summary judgment order had eliminated the federal claims. Because we have found it necessary to reverse the first ruling we must also reverse the second. At this point, the district court has pendent jurisdiction of these claims since they are integrally related to the federal claims which the court incorrectly ruled on in the first summary judgment order. United Mineworkers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The challenge that the state statutes are unconstitutional as applied is, of necessity, based on many of the same factual allegations as those involved in the federal claims. We have already stated that appellant must be given reasonable opportunity to dispute these facts, therefore we reverse and remand for further proceedings consistent with this opinion. Again, we make no comment upon the merits of these claims. Whether the dismissal of those claims based upon state law is appropriate will depend upon the course of this litigation from this date forward. If necessary, the trial court may revisit that question.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 [1]
 This is appeal No. 82-5540
 
 
 [2]
 This is appeal No. 83-3051
 
 
 [3]
 Rule 56 does not necessarily contemplate an oral hearing. Rather, the notice and hearing dictates of Rule 56 are satisfied by 10-day advance notice to the adverse party that the motion and all materials in support of or in opposition to the motion will be taken under advisement by the trial court as of a certain day. Moore v. State of Florida, 703 F.2d 516 (11th Cir.1983)
 
 
 [4]
 Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding upon this court unless and until they are overruled by the Eleventh Circuit sitting en banc. Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc )
 
 
 [5]
 Our decision to reverse in this case is based exclusively on the court's failure to comply with Rule 56(c). It is therefore unnecessary for us to consider whether summary judgment also was otherwise improper. The district court must follow the proper procedures set out in Rule 56(c) before issuing summary judgment