**Eduardo DENIS, et al.,**
**Plaintiffs-Appellants,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, etc., et al.,**
**Defendants-Appellees.**

No. 85–3552.

United States Court of Appeals,
Eleventh Circuit.

June 17, 1986.

Eurich "Eric" Z. Griffin, Tampa, Fla., for plaintiffs-appellants.

Claude H. Tison, Jr., Ted R. Manry, III, Tampa, Fla., for defendants-appellees.

Before HILL, Circuit Judge, HENDER-SON* and BROWN**, Senior Circuit Judges.

HENDERSON, Senior Circuit Judge:

The 1982 Christmas vacation trip of the Eduardo Denis family was tragically cut short in Gretna, Louisiana when the auto-

---

* See Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. For ease of citation, the four plaintiffs-appellants will be referred to as "Denis" and the three defendants-appellees as "Liberty Mutual."

mobile in which they were riding was struck by a truck that crossed the center line and smashed head-on into their vehicle. Kenneth Sapia, driver of the truck, had a blood-alcohol content of .23 at the time, well above the .10 statutory presumption of intoxication. The collision seriously injured plaintiffs-appellants Eduardo Denis, his wife, and their two minor children.

Soon after the accident the Denis family retained a Florida attorney, Thomas F. Granahan, to represent them in their claim for damages. Granahan entered into negotiations with the defendant-appellee, Liberty Mutual Insurance Company, the liability insurer for Sapia's employer, Strike-N-Arc.[1] As a result of these discussions, in January, 1983 Liberty Mutual settled the claim for property damage to Denis' car. Granahan and Liberty Mutual also discussed settlement of the personal injury claims arising from the accident, with Liberty Mutual indicating a logical desire to avoid litigation. During 1983 Granahan and Liberty Mutual sporadically exchanged information, forms, requests for settlement demands, and requests for policy limits, and generally negotiated possible settlement terms. No suit was filed by Granahan. Denis contends that, on at least two occasions, Liberty Mutual stated it would settle the claims. Furthermore, he asserts that agents for Liberty Mutual acted at all times as if it conceded liability and considered settlement a foregone conclusion. Finally, in March, 1984 Liberty Mutual—responding to a settlement demand for $627,-862.00 or policy limits—informed Granahan that since no suit had been filed within one year of the accident, any action for personal injury was prescribed by Louisiana law. See La.Civ.Code Ann. art. 3536.[2]

On April 4, 1984, Denis filed a diversity action in the United States District Court

---

2. "Prescription" is the civil law equivalent of the common law statute of limitations. Louisiana limitations rules controlled because Florida's conflict of laws statute provided that

When the cause of action arose in another state or territory of the United States, ... and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state.

for the Middle District of Florida, seeking relief from Liberty Mutual, Sapia and Strike-N-Arc. The defendants filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b), which motion was not contested by Denis. The district court subsequently dismissed the case with prejudice, *see id.* Rule 41(b), finding that recovery was barred by the Louisiana statute of limitations.

Denis responded by filing a motion for reconsideration of the dismissal, *see id.* Rule 59(e), asserting that, by its conduct in negotiating with Denis, Liberty Mutual had either waived prescription or was estopped from raising it as a defense. Attached to the motion to reconsider were copies of correspondence between Liberty Mutual and Granahan as well as Granahan's affidavit. Denis claimed that the documents accompanying this motion raised a genuine issue of material fact on the issues of estoppel and waiver.

The district court held that by appending the non-record affidavits and documents to the motion to reconsider, Denis had converted Liberty Mutual's original Rule 12(b) motion to dismiss into a Rule 56 motion for summary judgment. Under that standard it held Denis had raised no genuine issue of material fact concerning either estoppel or waiver of prescription and, accordingly, granted summary judgment to the three defendants-appellees. *See* Fed.R.Civ.P. 56.

Denis raises two issues on appeal. First, he contends that the record before the district court raised a genuine issue of material fact whether Liberty Mutual had interrupted prescription by "acknowledge-ment." [3] Second, he maintains the trial court committed reversible error in failing to give ten days notice of its intent to convert the motion to dismiss into a Rule 56 motion for summary judgment. *See Milburn v. United States,* 734 F.2d 762 (11th Cir.1984). Liberty Mutual responds by arguing that (1) Denis cannot assert acknowledgement because it was not first presented to the district court, (2) even if acknowledgement is before this court, Denis raised no genuine issue of material fact with respect to that issue, and (3) any *Milburn* error is harmless because Denis requested the trial court to resolve his motion to reconsider under summary judgment standards and had every opportunity to present all relevant evidence to the court.

Denis maintains that during settlement negotiations Liberty Mutual acknowledged its obligation to pay the personal injury costs arising from the accident. He contends that the affidavit from Granahan and the correspondence between Granahan and Liberty Mutual, if taken as true, at the very least raised a genuine issue of material fact as to whether there was an acknowledgement of indebtedness. *See House v. Goss,* 453 So.2d 299 (La.Ct.App.1984); *Richardson v. Louisiana Farm Bureau Mutual Insurance Co.,* 393 So.2d 200 (La. Ct.App.1981).

Denis failed to present the district court with the theory that acknowledgement interrupted prescription. Instead, he claimed that Liberty Mutual either was estopped from asserting prescription or had waived it as a defense.[4]

■ Failure to raise an issue, objection or theory of relief in the first instance to

Fla.Stat. § 95.10. In 1982, the Louisiana one-year prescription period for personal injury suits was codified at La.Civ.Code Ann. art. 3536. That article has been redrafted and recodified at La.Civ.Code Ann. art. 3492. Since the collision occurred in Louisiana this case is controlled by Louisiana law.

3. La.Civ.Code Ann. art. 3520 provided that "prescription ceases likewise to run whenever the debtor ... makes acknowledgement of the right of the person whose title they prescribed." Section 3520 was recodified at La.Civ.Code Ann. art. 3464 in 1982. *See Flowers v. U.S.F. & G.*

*Co.,* 381 So.2d 378 (La.1980); Comment, 14 Tul. L.Rev. 430 (1940).

4. We agree with the district court that Denis raised no genuine issue of material fact regarding estoppel or waiver. The burden to prove estoppel is particularly heavy in Louisiana, *see Tassin v. Allstate Insurance Co.,* 310 So.2d 680 (La.App.1975), and there is no question that Denis failed to present sufficient facts to defeat summary judgment on that issue. The only remaining question, therefore, is whether acknowledgement of liability was before the district court.

the trial court generally is fatal. *See Lumpkin v. Ricketts,* 551 F.2d 680, 682 n. 3 (5th Cir.1977), *cert. denied,* 434 U.S. 957, 98 S.Ct. 485, 54 L.Ed.2d 316 (1978).[5] Similarly, factual assertions that defeat a summary judgment cannot be presented for the first time to an appellate court, *DeBardeleben v. Cummings,* 453 F.2d 320, 324–25 (5th Cir.1972), and only those matters properly before the district court for summary judgment consideration are subject to appellate review. *See Garner v. Pearson,* 732 F.2d 850, 854 n. 2 (11th Cir.1984); *Frank Bailey Enterprises, Inc. v. Cargill, Inc.,* 582 F.2d 333, 334 (5th Cir.1978).

■ Despite this general rule, the appellate court has the discretion to resolve a question for the first time on appeal, especially if the issue is legal in nature and failure to consider it would result in a miscarriage of justice. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826, 837 (1976); *Martinez v. Mathews,* 544 F.2d 1233, 1237 (5th Cir. 1976); *Driggers v. Businessmen's Assurance Co. of America,* 219 F.2d 292, 299 (5th Cir.), *cert. denied,* 349 U.S. 946, 75 S.Ct. 874, 99 L.Ed. 1272 (1955). In this case, however, the question is academic because, even treating Denis' pleadings as alleging acknowledgement, Liberty is entitled to summary judgment.

Under Louisiana law, "an acknowledgement sufficient to interrupt prescription must be a clear, concise and express recognition of the right which the creditor claims." *Tassin v. Allstate Insurance Co.,* 310 So.2d 680, 685 (La.Ct.App.1975); *see Simmons v. Bartleet Chemical, Inc.,* 420 So.2d 1273, 1275 (La.Ct.App.1982). The acknowledgement may be express or tacit, *Flowers v. U.S.F. & G. Co.,* 381 So.2d 378, 381–82 (La.1980), and of a liquidated or unliquidated debt. *Id.* at 382. An acknowledgement of liability is personal in nature, and is not transferable from one obligation to another. *Id.* at 382–83; *Simmons,* 420 So.2d at 1275. It therefore is possible for Liberty Mutual to have tacitly

acknowledged a liability for this unliquidated debt. At the same time, Liberty Mutual's payment of *property* damages cannot create an acknowledgement of its liability for Denis' *personal* injuries.

■ Denis' pleadings do not allege sufficient facts to raise a genuine issue of material fact that Liberty Mutual's actions were an acknowledgement under Louisiana law. The recognition of a disputed claim and efforts to settle or compromise the claim do not constitute an acknowledgement. *See Frederick v. Aetna Life & Casualty Co.,* 467 So.2d 600, 602 (La.Ct.App.1985) (insurer's statement that it wanted to "finalize" the claim was but "one step in negotiation process"); *White v. Miller,* 447 So.2d 1192, 1194–95 (La.Ct.App.1984) (sending checks to creditor only an offer to compromise—not an admission of liability—until checks are cashed); *Trainer v. Aycock Welding Co.,* 421 So.2d 416, 417–18 (La.Ct.App.1982) (insurer's agent stated that there was "no doubt about liability, that his company was liable for the damages and injuries", and that there was "no liability question"; insurer offered $21,721.97 to settle; held—no acknowledgement absent at least an oral agreement); *see generally Collins v. Capital Valve & Fitting Co.,* 409 So.2d 579, 580 (La.1982) (noting difference between acknowledgement of liability and settlement efforts to compromise a contested debt). Public policy favors the compromise of disputes by encouraging "candid and good faith settlement negotiations" without fear that those negotiations could "constitute an acknowledgement of the disputed indebtedness so as to interrupt prescription." *Trainer,* 421 So.2d at 417–18.

This public policy is reflected in Louisiana cases in which a settlement offer has been found to create an acknowledgement sufficient to interrupt prescription. In those cases the debtor made an offer to settle, which offer was accepted by the other party. *See House v. Goss,* 453 So.2d 299, 301 (La.Ct.App.1984); *Richardson v. Louisiana Farm Bureau Mutual Insur-*

---

**5.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

*ance Co.,* 393 So.2d 200, 203 (La.Ct.App. 1981). Thus, once an oral compromise *agreement* is reached, the debtor tacitly acknowledges his liability which interrupts the running of the statute of limitations. *See White v. Miller,* 447 So.2d 1192, 1195 (La.Ct.App.1984); *Trainer,* 421 So.2d at 417; *Richardson,* 393 So.2d at 203. Absent such an agreement, however, settlement discussions cannot create a tacit acknowledgement.

The affidavit of Granahan and the correspondence between Liberty Mutual and Granahan, drawing all inferences in favor of the non-moving party, demonstrate no more than normal settlement negotiations. The documents submitted to the district court do not either imply that an offer was made and accepted—thereby creating a tacit acknowledgement—or that Liberty Mutual expressly acknowledged its liability. Liberty Mutual therefore is entitled to judgment as a matter of law.

Denis also maintains that the trial court committed reversible error when it failed to give 10 days notice that the Rule 12(b) motion to dismiss was converted into a motion for summary judgment as required by Rule 56. Although this circuit has established a rule that failure to give 10 days notice to the parties is error, *see Milburn v. United States,* 734 F.2d 762, 766 (11th Cir.1984), it also is clear that such error may be harmless. *See Property Management & Investments, Inc. v. Lewis,* 752 F.2d 599, 605 (11th Cir.1985); *McMillian v. City of Rockmart,* 653 F.2d 907, 911 (5th Cir.1981). If "all of the parties were well aware that the judge was converting the 12(b)(6) motion and that the parties made all the arguments and submitted all the documents that they would have presented had they received the notice," failure to notify is not reversible error. *Property Management,* 752 F.2d at 605.

Denis' motion to reconsider demonstrates his awareness that the court would apply a Rule 56 standard. The motion specifically stated that it raised a genuine issue of material fact and that Liberty was not entitled to judgment as a matter of law. It is clear that Denis considered the motion to reconsider as converting the 12(b) motion into a Rule 56 motion for summary judgment and was aware that the court would treat it as such. The purpose of the rule is to notify the parties that the court may dispose of the case by summary judgment so that "the nonmoving party will have an opportunity to marshal its resources and … rebut[ ] the motion for summary judgment with every factual and legal argument available." *Milburn,* 734 F.2d at 766. Denis cannot be heard to attack the trial court for failure to give notice when his own pleadings demonstrate he had knowledge of the standard to be applied.[6] Thus, while it may have been error to fail to give ten days notice, that error was harmless.

AFFIRMED.

---

6. Significantly, Denis has never asserted, by brief or at oral argument, that any additional information existed that he could submit should he receive the full ten-day notice.