**In re James W. CRAWFORD, Debtor.**

**James W. CRAWFORD, Appellant,**

**v.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee.**

Bankruptcy No. 85-7692.

Adv. No. 86-0127.

Civ. A. No. 86-A-1762-E.

United States District Court,
N.D. Alabama, E.D.

Dec. 22, 1986.

---

76

Thomas J. Knight, Anniston, Ala., for appellant.

Richard H. Cater, Burnham, Klinefelter, Halsey, Jones & Cater, Anniston, Ala., Lewis W. Page, Jr., Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for appellee.

## MEMORANDUM OPINION

ALLGOOD, Senior District Judge.

The present case involves the appeal of a summary judgment rendered in favor of the plaintiff FDIC in an Adversarial Proceeding of an underlying pending Chapter 11 Bankruptcy case. Upon a Motion for Summary Judgment filed by the defendant,

a hearing was held. In the hearing, the Bankruptcy Court stated that the defendant's Motion for Summary Judgment would be denied, and that judgment for the plaintiff would be entered. Ten days later, an order to this effect was issued.

The facts of the case are as follows: The First National Bank of Jacksonville was closed by the Office of Comptroller of the Currency and its assets delivered to the FDIC in its capacity as receiver of the bank. Included in the assets were 26 purported promissory notes executed by or guaranteed by Crawford payable to First National, which purportedly represent the series of fictitious loans Crawford had obtained from the bank. The adversary proceeding was initiated by the FDIC's filing of a complaint, objecting to the discharge of the debt represented by these 26 promissory notes. The debtor-defendant filed a Motion for Summary Judgment. This motion was denied, and judgment entered in favor of the plaintiff.

There is a question as to whether the denial of the debtor-defendant's Motion for Summary Judgment and rendering of judgment for the plaintiff is proper in the absence of a Motion for Summary Judgment by the plaintiff. Although it is clear that a court may grant summary judgment for the non-moving party, great care must be used to insure the original movant an adequate opportunity to show that a genuine issue does exist. See *Memphis Trust Company v. Board of Governors of the Federal Reserve System*, 584 F.2d 921 (6th Cir.1978). When a party has no advance notice that judgment might be rendered against him, the case must be reversed. Therefore, in the Eleventh Circuit, the 10-day notice requirement of Rule 56(c) has been strictly adhered to. See *Herron v. Beck*, 693 F.2d 125 (11th Cir.1982). In *Finn v. Gunter*, 722 F.2d 711 (11th Cir. 1984), the appeals court reversed and remanded the case before it because of the lack of proper notice on a summary judgment motion, stating that the final nature of a summary judgment makes notice to

the opposing party necessary for purposes of rebuttal.

▇ In the present case, the debtor-defendant Crawford had no advance notice that judgment might be rendered against him. While the Bankruptcy Judge stated that such order would be issued, he did not offer the debtor-defendant an opportunity to respond either in the hearing, or in the 10–day interim between the hearing and the issuance of the order. While the Bankruptcy Court may have accepted any motion or objection from the debtor-defendant Crawford during this time, because of the final nature of a summary judgment, the Court should have exercised greater care in assuring that the debtor-defendant was aware of that opportunity.

The decision to reverse because of failure to comply with the Rule 56(c) notice requirement makes it unnecessary to consider whether summary judgment also was improper because of the presence of any genuine issue of fact. However, it is appropriate to discuss this question for the guidance of the Bankruptcy Court on remand.

An issue of fact tendered by the debtor-defendant was that, because he borrowed the money from the Bank with the intention of repaying it, he did not act fraudulently and the debt should be discharged. Although the Court stated in the hearing that "... it is not a fraudulent intention concerning the repayment of the loan but in obtaining the loan," no such determination was expressed in the Order issued by the Bankruptcy Court. Nor were other undisputed facts identified or determinations of law stated, which facilitate the District Court in making its determinations on appeal.

For the aforestated reasons, this case is remanded to the Bankruptcy Court with instructions that the debtor-defendant Crawford be given an adequate opportunity to respond to the action of the Court in rendering judgment against him. Further, the Court is to record a statement of the undisputed facts on which the Bankruptcy Court relies and conclusions of law which will facilitate this court's task of making determinations on appeal.

An appropriate order in conformity with this opinion will be entered.