948 F.2d 1282
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shakkir Talib MUJAHID; Dani Bin Dulatif; Abdul Gani;
Arifin Nurung; Muhamad Rusl; Siri; Darnis Darisan;
Hamball Fahrudin; Oki Budiono; Zulkarnaen; Syardan
Suparjo; Iriawan Agus, Plaintiffs-Appellants,
v.
M/V HECTOR, in rem; Coastaltop Shipping Limited,
Defendants-Appellees.
 No. 91-1406.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 1, 1991.
Decided Dec. 4, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-90-3030-S)
 Donald F. Chiarello, Hochberg, Chiarello, Costello & Dowell, Baltimore, Md., Richard J. Dodson, Thomas E. Richard, Law Offices of Richard J. Dodson, P.L.C., Baton Rouge, La., for appellants.
 Joanne Zawitoski, M. Catherine Orleman, Thomas Hoxie, Semmes, Bowen & Semmes, Baltimore, Md., Peter J. Gutowski, Freehill, Hogan & Mahar, New York City, for appellees.
 D.Md.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before DONALD RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Thirteen Indonesian seamen appeal the dismissal of an admiralty action in which they filed a complaint in rem against the cargo vessel M/V Hector and in personam against her owner, Coastaltop Shipping, Ltd. The seamen contend that dismissal pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure was error because the district court considered information outside the pleadings. We affirm the dismissal of the in rem action but vacate dismissal of the in personam action and remand to the district court for further proceedings.
 
 
 2
 * On Tuesday, November 20, 1990, the seamen filed a complaint in the United States District Court for the District of Maryland against the M/V Hector, in rem, and against Coastaltop, in personam, alleging breach of contract and seeking recovery of unpaid wages, penalty wages, and other damages. The district court directed the United States Marshal to arrest the M/V Hector in accordance with rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.
 
 
 3
 On Friday, November 23, counsel for Coastaltop telephoned the trial judge to request a postarrest hearing pursuant to supplemental rule E(4)(f) and local rule LAR(e)(7). The trial judge subsequently scheduled a hearing for 4:30 p.m., Monday, November 26.
 
 
 4
 The trial judge announced at the beginning of the hearing that he would not entertain the motion for summary judgment, as the requisite ten days had not passed since the filing of the motion. He proceeded with respect to the motions to vacate the arrest and dismiss the complaint. During this hearing Coastaltop called witnesses, and both parties introduced documentary evidence.
 
 
 5
 On Tuesday, November 27, the court vacated the arrest of the M/V Hector and dismissed the complaint of the seamen under rule 12(b)(6) for failure to state a claim upon which relief could be granted.
 
 II
 
 6
 Rule C provides for in rem actions. Rule E(4)(f), which implements rule C, entitles the owner of an arrested ship to a prompt hearing. In the district of Maryland provision is made for an adversary hearing within three days of a request for such a hearing. Local Rule (e)(7).
 
 
 7
 Since neither the supplemental rules nor the local rules prescribe the content of the adversary hearing, the district court has discretion whether to receive evidence. See Salazar v. "Atlantic Sun," 881 F.2d 73, 79 (3d Cir.1989). Here it was evident that the district court could not determine from the allegations of the complaint whether probable cause existed for the arrest of the vessel. The court properly exercised its discretion to permit the examination and cross-examination of witnesses and the introduction of documentary evidence by both parties.
 
 
 8
 The function of the expedited postarrest hearing is to afford due process to the shipowner whose vessel has been arrested without a prearrest hearing. See Amstar Corp. v. S/S Alexandros T., 664 F.2d 904, 910-12 (4th Cir.1981). "The post-arrest hearing is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant, and if so, to fix an appropriate bond." Salazar, 881 F.2d at 79-80. Consequently, we find no merit in the seamen's contention that the district court erred by considering matters outside the complaint in reaching its decision to vacate the arrest of the vessel.
 
 III
 
 9
 This brings us to the in personam action that, unlike the in rem proceeding, affords the means of resolving the dispute definitively. Rule C permitted the seamen in addition to proceeding in rem to "also, or in the alternative, proceed in personam against any person who may be liable." Coastaltop, having appeared to contest its liability, is subject to the jurisdiction of the court. See Savas v. Maria Trading Corp., 285 F.2d 336, 340 (4th Cir.1960); Mosher v. Tate, 182 F.2d 475, 479-80 (9th Cir.1950); The Fairisle, 76 F.Supp. 27, 33-34 (D.Md.1947); Grant Gilmore and Charles L. Black, Jr., The Law of Admiralty § 9-90 at 801-05 (2d ed. 1975).
 
 
 10
 The Federal Rules of Civil Procedure govern in personam actions, unless, unlike the situation here, the in personam action seeks attachment or garnishment. Rule 12(b) provides:
 
 
 11
 If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.
 
 
 12
 In dismissing the complaint under rule 12(b)(6) for failure to state a claim upon which relief can be granted, the district court considered testamentary and documentary evidence outside the pleading. Failure in this manner to observe the rule justifies reversal. See, e.g., Carter v. Stanton, 405 U.S. 669, 671 (1972); Johnson v. RAC Corp., 491 F.2d 510, 513-15 (4th Cir.1974).
 
 
 13
 The corollary to the rule, however, allows the court to grant summary judgment if the parties have had a reasonable opportunity to present all pertinent material. See Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir.1989); Beaudett v. Hampton, 775 F.2d 1274, 1277 n. 3 (4th Cir.1985). A reasonable opportunity requires that the court indicate to the parties that " 'it is treating the 12(b)(6) motion as a motion for summary judgment', with the consequent right in the opposing party to file counter affidavits or to pursue reasonable discovery." Johnson, 491 F.2d at 513 (citation omitted). In the instant case, however, the district court told the parties it would not consider Coastaltop's motion for summary judgment.
 
 
 14
 Coastaltop argues that even if the district court erred by converting the 12(b)(6) hearing into a proceeding for summary judgment, the error was harmless. It contends that the seamen knew materials outside the pleadings would be considered, the seamen had a reasonable opportunity to present material, and Coastaltop is entitled to summary judgment as a matter of law. We cannot accept Coastaltop's contentions. The seamen had only six hours' notice of the hearing and less than that time to consider Coastaltop's evidence. Nor did the seamen have a reasonable time to present their own evidence. They were denied an opportunity for depositions and discovery for which they had promptly given notice before the district court scheduled the hearing. They vouch that they wished to introduce the evidence of a seamen's union official from Cyprus and perhaps other witnesses.
 
 
 15
 We reject Coastaltop's suggestion that the seamen's proffer of witnesses is too vague to be accepted. Speculation about the material the nonmoving party will submit is irrelevant. "What is important is that [the nonmoving party] must be given an opportunity to present every factual and legal argument available. Proper procedures must be followed." Finn v. Gunter, 722 F.2d 711, 713 (11th Cir.1984).
 
 
 16
 Coastaltop's argument that it is entitled to summary judgment as a matter of law fails, because it is founded on the consideration of extraneous evidence in violation of rules 12(b)(6) and 56.
 
 
 17
 Finally, we reject Coastaltop's argument that this appeal is moot because the M/V Hector is now beyond the jurisdiction of the court. The in personam claim survives the departure of the vessel.
 
 
 18
 The judgment vacating the arrest of the vessel is affirmed. The judgment dismissing the complaint for in personam relief is vacated, and the case is remanded for further proceedings.
 
 
 19
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 20
 DONALD RUSSELL, Circuit Judge, and JAMES H. MICHAEL, Jr., District Judge, joined.