[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14876
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-23110-BB

CHRISTOPHER MAURICE MCDOWELL,

Plaintiff - Appellant,

versus

JOSE GONZALEZ,
DAVID COLON,
a Miami Sheriff's Officer,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 30, 2020)

Before JORDAN, LAGOA and MARCUS, Circuit Judges.

PER CURIAM:

Christopher McDowell, proceeding pro se, appeals following the district

court's dismissal of his civil rights action, brought pursuant to 42 U.S.C. § 1983.

The district court dismissed the complaint with prejudice because it was a "shotgun" pleading and  because the defendants were entitled to qualified immunity.  On appeal, McDowell argues that the district court incorrectly granted the officers qualified immunity, but does not argue the shotgun pleading issue.  After careful review, we affirm.

When appropriate, we review de novo "the district court's grant of a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  To properly raise a claim or issue on appeal, however, a party must plainly and prominently address the matter in his appellate brief, or else it is abandoned.  Univ. of Ala. Bd. Of Trustees v. New Life Art, Inc., 683 F.3d 1266, 1280 (11th Cir. 2012).  Moreover, a district court's judgment should be affirmed if an appellant fails to challenge each of the court's independent, alternative grounds for its ruling.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

Federal Rule of Civil Procedure 12(b)(6) provides for a dismissal of a complaint that fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).[1]    While pro se pleadings are liberally construed and held to less stringent standards than those drafted by attorneys, they still must suggest some factual basis for a claim.  Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

Rule 8(a)(2), in turn, provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  So-called "shotgun" pleadings do not provide a short and plain statement of a claim under Rule 8.  Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).  Shotgun pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313,

---

[1] When considering a motion to dismiss, the district court generally must limit its consideration to the pleadings and any exhibits attached.  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000).  Typically, if the parties present, and the court considers, evidence outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment.  Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984).  However, under the "incorporation by reference" doctrine, a court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is central to the plaintiff's claim and is undisputed.  Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).  A document is "undisputed" in this context if its authenticity is unchallenged.  Id.

1321-23 (11th Cir. 2015). These types of shotgun pleadings are all characterized by their failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. If a plaintiff had "fair notice of the defects [in his shotgun pleading] and a meaningful chance to fix them [through an amended complaint]" but did not do so, the court is justified in dismissing the case with prejudice on shotgun pleading grounds. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018).

A complaint is also "subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quotations omitted). Qualified immunity is an affirmative defense. Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th. Cir. 2004). Qualified immunity shields government officials from civil liability in their individual capacities when the government official acted within the scope of his discretionary authority and the official's conduct did not violate clearly established statutory or constitutional rights. Id. at 1247-48. A police officer generally acts within the scope of his discretionary authority when making an arrest. Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). Once an officer shows that he acted within the scope of his discretionary authority, the plaintiff must attempt to overcome the qualified immunity defense by

4

showing that: (1) the defendant violated a constitutional right, and (2) the violation of the right was clearly established. Kensinger, 381 F.3d at 1248.

An arrest without a warrant and probable cause violates the clearly established Fourth Amendment right to be free from unreasonable seizures. Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010). However, if an officer had probable cause at the time of an arrest, a subsequent constitutional challenge to the arrest is barred. Id. Probable cause exists where the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been committed. Id. Moreover, to receive qualified immunity, an officer need not have actual probable cause, but only arguable probable cause, which means that reasonable officers in the same circumstances and possessing the same knowledge as the defendant could have believed that probable cause existed to arrest the plaintiff. Id. The existence of probable cause does not depend on the stated reasoning an officer provided to an arrestee when explaining why the individual is under arrest. Devenpeck v. Alford, 543 U.S. 146, 153-56 (2004). Additionally, the fact that the state later dismisses an arrestee's charges does not negate the existence of probable cause at the time of arrest. Marx v. Gumbinner, 905 F.2d 1503, 1507 (11th Cir. 1990). Instead, whether an officer possesses

5

probable cause or arguable probable cause depends on the elements of the crime and the surrounding facts at that moment. Brown, 608 F.3d at 735.

Here, we are unpersuaded by McDowell's argument that the district court erred in granting the defendants' motion to dismiss his amended complaint. For starters, liberally construing his brief on appeal, see Jones, 787 F.3d at 1107, McDowell challenges only one of the two grounds relied on by the district court -- whether the defendants, Officers Jose Gonzalez and David Colon, were entitled to qualified immunity -- and does not address whether his amended complaint was a "shotgun" pleading. Thus, because McDowell did not challenge each of the district court's independent, alternative grounds for its ruling, the judgment of the district court is due to be affirmed and the case was properly dismissed with prejudice. See Sapuppo, 739 F.3d 680.

In any event, and as alternative and independent holding, the district court properly dismissed the case on qualified immunity grounds. In reviewing McDowell's complaint to determine whether it should be dismissed under Rule 12(b)(6), the district court properly considered both the amended complaint and body camera footage that was attached to the motion to dismiss because the body camera footage was central to the amended complaint and was undisputed. Horsley, 304 F.3d at 1134. Taken together, the complaint and body camera footage reveal that Officers Gonzalez and Colon were investigating an alleged petit theft at Dunkin

6

Donuts when they arrested McDowell, and, thus, were acting in their discretionary capacity at the relevant time. Lee, 284 F.3d at 1194. The burden of proof then shifted to McDowell to show that the officers violated a constitutional right in making the arrest and that the right was clearly established. Kesinger, 381 F.3d at 1248.

However, McDowell failed to adequately allege that either defendant had violated his clearly established constitutional right against unreasonable seizure. According to McDowell's amended complaint, Officer Colon did not participate in any complained-of action, so there was no valid claim against Colon. As for Officer Gonzalez, McDowell also failed to make a plausible claim. Gonzalez's body camera footage reflected that before arresting McDowell, Gonzalez interviewed the Dunkin Donuts employee who said she had witnessed the petit theft at the store, spoke to other eyewitnesses to the event, and confirmed McDowell's identity as being the suspected thief. Based on this pre-arrest investigation, Gonzalez had reasonably trustworthy information that could sufficiently cause a reasonable person to believe that, at that moment, McDowell knowingly deprived Dunkin Donuts of its property worth less than $100 with the intent to at least temporarily deprive the business of that property. Brown, 608 F.3d at 734; Fla. Stat. § 812.014(1), (3)(a). On this record, it is irrelevant if Gonzalez had somehow lied to McDowell about the reasoning behind the arrest or that the charges against McDowell were subsequently dismissed.

7

Because, at the moment of McDowell's arrest, Gonzalez had at least arguable probable cause to arrest McDowell, both he and Colon were entitled to qualified immunity.  Accordingly, we affirm.

   **AFFIRMED.**