**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10387

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TRAVIS ETIENNE,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:11-cr-20795-RLR-1

————————————

Before ABUDU, ANDERSON, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Travis Etienne, proceeding pro se, appeals the district court's denial of his third motion for compassionate release pursuant to 18 U.S.C. § 3852(c)(1)(A). He contends that

the district court improperly construed his motion for compassionate release as a motion for reconsideration without giving notice and that the district court failed to provide a basis for meaningful appellate review.  After careful review, we affirm.

## I.

Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, parties are permitted to file such motions in criminal cases.  *United States v. Phillips*, 597 F.3d 1190, 1199–1200 (11th Cir. 2010).  "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (per curiam) (quotation marks omitted).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

We liberally construe pro se filings.  *United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024).  Moreover, "[f]ederal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."  *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).  They may do so in order "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis."  *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (citation modified).

25-10387                    Opinion of the Court                    3

On December 17, 2024, Etienne filed his third motion for compassionate release. This motion was identical to his second motion for compassionate release, filed on April 11, 2024, save for one paragraph explaining that Amendment 829 was now in effect.[1] He argued that Amendment 829 precluded the use of predicate offenses by minors for enhancement purposes at sentencing. Because the only difference was a change in the law, the district court construed the third motion as a motion for reconsideration of the first two motions for compassionate relief.

This court has previously affirmed cases where a district court construes a pro se motion as a motion for reconsideration of its denial of compassionate relief. *United States v. Handlon*, 97 F.4th 829, 831 (11th Cir. 2024) (per curiam) (construing a motion to amend as a motion for reconsideration). Here, the court properly determined that the third motion reiterated the same contentions as the second. Further, we are unaware of any authority that suggests prior notice of this recharacterization is required.[2] Accordingly, we affirm as to this issue.

---

[1] Amendment 829 is the 2024 nonretroactive youthful offender amendment to § 5H1.1 of the United States Sentencing Guidelines. The Amendment states, in relevant part: "Age may be relevant in determining whether a departure is warranted. . . . A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses."

[2] Etienne relies on two cases to suggest notice is required—a district court order from *McGuigan v. United States*, No. 808-CV-2430-T-27TBM, 2009 WL 136024 (M.D. Fla. Jan. 20, 2009), and an unpublished opinion from this circuit, *Lewis v. Asplundh Tree Expert Co.*, 305 F. App'x 623 (11th Cir. 2008) (per curiam). Neither case is binding authority. And even if they were, neither apply to the

## II.

We review de novo whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we review a district court's denial of an eligible defendant's request for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id.*

A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if: (1) the § 3553(a) sentencing factors favor doing so; (2) there are "extraordinary and compelling reasons" for doing so; and (3) doing so would not endanger any person or the community within the meaning of 18 U.S.C. § 3142(g) and a reduction is consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(1)(A); *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (per curiam). District courts need not address these three conditions in a specific sequence, as the lack of even one forecloses a sentence reduction. *Tinker*, 14 F.4th at 1237–38. If the district court finds against the movant on any one

---

recharacterization of a motion into a motion for reconsideration. The district court order in *McGuigan* dealt with the necessary notice for recharacterization of a 28 U.S.C. § 2241 motion as a 28 U.S.C. § 2255 motion. No. 808-CV-2430-T-27TBM, 2009 WL 136024, at *1. And *Lewis* addresses the improper conversion of a motion to dismiss into a motion for summary judgment without prior notice. 305 F. App'x at 627. This case involves neither.

of these requirements, it cannot grant relief and need not analyze the other requirements. *Id.*

The § 3553(a) sentencing factors include: the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, adequate deterrence, and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B), (a)(6).

The district court need not address each of the § 3553(a) factors or all the mitigating evidence, and the weight given to any § 3553(a) factor is up to the discretion of the district court. *Tinker*, 14 F.4th at 1241. An acknowledgment that the court considered all applicable § 3553(a) factors, along with "enough analysis that meaningful appellate review of the factors' application can take place," is sufficient. *Id.* at 1240–41 (quotation marks omitted). At a minimum, we must be able to understand from the record how the district court arrived at its conclusion, including the applicable § 3553(a) factors on which it relied. *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021).

Here, Etienne argues that the district court failed to properly explain its decision to allow for meaningful appellate review. However, the district court expressly incorporated by reference the government's response to Etienne's third motion. The court is permitted to do so. *See United States v. Cordero*, 7 F.4th 1058, 1071–72 (11th Cir. 2021). And in its response, the government argued that Etienne failed to demonstrate an extraordinary and compelling

reason for release and that Amendment 829 does not apply here. The government discussed the § 3553(a) sentencing factors and concluded that a sentence reduction would not reflect the seriousness of his offense. This analysis was adopted through incorporation by the court. As such, it is sufficient to provide a basis for meaningful appellant review of whether the district court abused their discretion. *Tinker*, 14 F.4th at 1240–41.

The absence of a more detailed decision is not a reversible error. Accordingly, we affirm.

**AFFIRMED.**