[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 2, 2006
THOMAS K. KAHN
CLERK

No. 06-12697
Non-Argument Calendar
_____

D. C. Docket No. 02-02874-CV-AR-S

DAVID KING, an individual,
MICHAEL FOSTER, an individual,
SUNCOAST FRINGE BENEFITS, INC.,
a corporation,
CONSOLIDATED MARKETING GROUP, INC.,
a corporation,

Plaintiffs-Appellants,

versus

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PENNSYLVANIA, at al.,

Defendants,

NATIONWIDE MUTUAL INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 2, 2006)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

David King, Michael Foster, Suncoast Fringe Benefits, Inc., and Consolidated Marketing Group, Inc. (collectively, "King Plaintiffs" or "Appellants") appeal the district court's partial summary judgment in favor of Nationwide Union Insurance Company ("Nationwide") in this indemnification action alleging violations of Alabama and Florida law,[1] including that Nationwide breached its insurance contracts with the Plaintiffs and engaged in fraud, tortious interference, bad faith, negligence, and wantonness, in connection with its failure to indemnify or defend the Plaintiffs in the underlying tort action, McFarlin v. Conseco, Inc., Case No. CV-99-AR-2282-S (N.D. Ala. filed Apr. 14, 2000).[2] The district court held that the King Plaintiffs' bad-faith claim failed under Alabama law, based both on the merits and for lack of standing, and that the negligence and wantonness claims were only attempts, that the

---

[1] In an earlier order, the district court determined that Alabama law controlled the underlying torts claims and Florida law applied to interpretation of the insurance contracts.

[2] Generally, appeals may be taken only from "final decisions of the district courts" which end the litigation. 28 U.S.C. § 1291. When a district court grants judgment with respect to fewer than all of the claims or parties involved in an action, an immediate appeal is proper when the court directs that its judgment be deemed final in accordance with Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) permits "the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In the present case, we have jurisdiction to review the district court's partial summary judgment because the district court made the proper certification and entered a separate judgment as to the claims addressed in its partial summary judgment, pursuant to Fed. R. Civ. P. 54(b).

2

court termed "transparent," by the King Plaintiffs to reassert the unsuccessful bad-faith claim. We affirm.

We review the district court's order granting summary judgment de novo. See Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1296 (11th Cir. 2000). A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

The parties are familiar with the lengthy procedural history and the relevant underlying facts and thus we only summarize them here. In the underlying McFarlin action, which was filed on August 31, 1999, the plaintiffs ("McFarlin Plaintiffs") sued the King Plaintiffs for fraud, tortious interference, conspiracy, breach of contract, and unjust enrichment/restitution, and asserted a RICO claim. Nationwide subsequently denied the King Plaintiffs' demand that Nationwide provide defense and coverage under four insurance policies, on the ground that the acts underlying the

3

McFarlin suit had occurred prior to the effective dates of its policies with the King

Plaintiffs. After the district court found that Nationwide had a duty to defend the

King Plaintiffs in the McFarlin action, the parties ultimately settled that case.

In the instant action, the King Plaintiffs initially asserted claims for only breach

of contract and bad faith against Nationwide. After the district court had granted

partial summary judgment in favor of the King Plaintiffs on the "duty to defend" issue

in the McFarlin suit, the King Plaintiffs amended their complaint to also allege claims

for negligent failure to defend, negligent failure to indemnify, wanton failure to

defend, and wanton failure to indemnify (collectively, the "Amended Claims"). After

discovery, Nationwide moved for summary judgment, which the district court granted

on all claims except for the breach-of-contract claim. This appeal followed.

On appeal, the King Plaintiffs challenge the district court's entry of summary

judgment on the claims, under Alabama law, for bad faith and the Amended Claims.

The district court found the following:

> Before discussing the viability of the claims added by amendment
> on September 10, 2004, the court ventures to guess why the King
> plaintiffs added claims for alleged negligence and wanton conduct. The
> King plaintiffs knew that this court had not made a final ruling on the
> indemnity question. The court had only required Nationwide to provide
> a defense, and even on that question, the court had never expressed a
> lack of the slightest of doubts about Nationwide's obligation to defend.
> In fact, the court agonized over the question in a lengthy opinion. There
> was certainly a legitimate debate over the question even though this

4

court resolved it in favor of the King plaintiffs. The mere fact that this court ordered Nationwide to provide a defense did not constitute or imply a holding that the interpretation of the insurance contracts had not been fairly debatable as regards the obligation to defend, much less that the obligation to indemnify was not a fairly debatable issue.

The law of Alabama recognizes the peculiar tort of bad faith only against insurance companies, and then only if the insurance company's refusal to defend and/or indemnify has no legitimately arguable basis. The absolute nature of Nationwide's defense to the bad faith claim, to the extent it is brought by the individual plaintiffs . . . is made even more obvious when it is realized that [they] were officers of the named insureds and only enjoyed coverage by virtue of their offices. They themselves were not parties to the insurance contracts. Their standing to complain of bad faith is even more tenuous than that of the corporations that were the named insureds.

(citations omitted). As for the Amended Claims -- the negligence and wantonness

claims -- the court held the following:

At the time the King plaintiffs added these claims, they must have anticipated the insurmountable obstacle they faced in their pursuit of a bad faith claim under Alabama law. Yet either they thought that such negligence and wantonness claims arose from the insurance contracts and would therefore be governed by the law of Florida, a state they may have thought recognizes such causes of action in tort, or that they would convince this court to become the first court in Alabama to recognize such causes of action under the law of Alabama. . . . If these new allegations constitute torts, they are, of course, governed by Alabama law because the torts occurred in Alabama. But, Alabama recognizes no such torts. The citations of authority put forward by the King plaintiffs on this subject either are totally inapposite or are easily distinguishable. . . . .

It appears to this court that the King plaintiffs have dressed up their abortive bad faith claim in the new but transparent clothes of

5

negligence/wantonness. . . . [T]he law of Alabama does not recognize negligence/wantonness as a substitute for bad faith where the coverage question is fairly debatable.

Based upon our review of the record and the district court's thorough and well-reasoned order applying Alabama law, to the largely undisputed facts and addressing many of the arguments raised in this appeal,[3] and in light of the district court's particular familiarity with both this action and the underlying <u>McFarlin</u> case -- these cases have been pending before the district court since August 31, 1999, when the <u>McFarlin</u> complaint was filed -- we can discern no reversible error in the district court's disposition of this case and affirm its partial summary judgment in all respects.

**AFFIRMED.**

---

[3]To the extent that the King Plaintiffs have raised <u>entirely</u> new arguments in support of their position, we will not consider them for the first time at this late juncture. <u>Access Now, Inc. v. Southwest Airlines Co.</u>, 385 F.3d 1324, 1331 (11th Cir. 2004); <u>see also</u> <u>Denis v. Liberty Mut. Ins. Co.</u>, 791 F.2d 846, 849 (11th Cir. 1986) (holding that "factual assertions that defeat a summary judgment cannot be presented for the first time to an appellate court, and only those matters properly before the district court for summary judgment consideration are subject to appellate review").