[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10778
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 17, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-02874-CV-2-WMA

DAVID KING, an individual,
MICHAEL FOSTER, an individual,
SUNCOAST FRINGE BENEFITS, INC., a corporation,
CONSOLIDATED MARKETING GROUP, INC.,
a corporation,

                                        Plaintiffs-Appellants,

versus

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PENNSYLVANIA,
a corporation, at al.,

                                        Defendants,

NATIONWIDE MUTUAL INSURANCE COMPANY,
a corporation,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(September 17, 2007)**

Before DUBINA, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

This is the second appeal filed by David King, Michael Foster, Suncoast Fringe Benefits, Inc., and Consolidated Marketing Group, Inc. (collectively, "King Plaintiffs" or "Appellants") in this indemnification action against Nationwide Union Insurance Company ("Nationwide"), in which Appellants alleged violations of Alabama and Florida law, including that Nationwide breached its insurance contracts with the Appellants and engaged in fraud, tortious interference, bad faith, negligence, and wantonness, in connection with its failure to indemnify or defend the Appellants in the underlying tort action, McFarlin v. Conseco, Inc., Case No. CV-99-AR-2282-S (N.D. Ala., filed Apr. 14, 2000). Because our prior decision in the matter constitutes the "law of the case" and forecloses the instant appeal, we affirm.

The district court previously held that the King Plaintiffs' bad-faith claim failed under Alabama law, based both on the merits and for lack of standing, and that the negligence and wantonness claims were only attempts, that the court termed "transparent," by the King Plaintiffs to reassert the unsuccessful bad-faith claim. The district court expressly dismissed all claims for damages, with the exception of a breach-of-contract claim for economic damages. In its partial summary judgment order, the district court observed that "the only economic loss arguably sustained by

the King plaintiffs, and that might be recovered in this case, is what they owe to their lawyers to the extent not already reimbursed by Nationwide." The court continued: "In other words, the only remaining claim based on contract is the claim for recovery of the unpaid-by-Nationwide reasonable cost of the defense of the King plaintiffs, that is, unless there is a viable claim for mental anguish in favor of the King plaintiffs arising from the alleged breach of contract." The district court then noted that there was <u>no</u> such claim for mental anguish.

On interlocutory appeal, we affirmed that decision. <u>See</u> <u>King v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,</u> 201 Fed. Appx. 749, 2006 WL 3147290 (11th Cir. Nov. 2, 2006) ("<u>King I</u>"). Notably, the King Plaintiffs raised no claim, and, indeed, asserted no suggestion of error, concerning the district court's conclusion that the <u>only</u> remaining claim concerned the recovery of attorneys' fees.[1] <u>Cf.</u> <u>Marek v. Singletary</u>, 62 F.3d 1295, 1298 n. 2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned."); <u>see also</u> <u>Access Now, Inc. v. Southwest Airlines, Co.</u>, 385 F.3d 1324, 1330 (11th Cir. 2004) ("If an argument is not fully briefed (let

---

[1]We are wholly unpersuaded by the Appellants' suggestion that their mere mention of consequential damages, in a footnote of their brief in <u>King I</u>, was sufficient to raise a claim, either on the merits or on due process grounds. <u>Cf.</u> <u>United States v. Jernigan</u>, 341 F.3d 1273, 1284 n. 8 (11th Cir. 2003) (holding issue abandoned where, although the defendant made passing references to issue in brief, the references were undertaken as background to claims that he expressly advanced); <u>Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen</u>, 815 F.2d 1435, 1446 n. 16 (11th Cir. 1987) (stating that single footnote in initial brief did not sufficiently preserve issue that was argued in reply brief).

alone not presented at all) to the Circuit Court, evaluating its merits would be improper both because the appellants may control the issues they raise on appeal and because the appellee would have no opportunity to respond to it."). In <u>King I</u>, we stated that we affirmed the district court's partial summary judgment in all respects, thus explicitly rejecting all claims asserted by the King Plaintiffs in that interlocutory appeal, and implicitly affirming all issues, even those not raised (and thus, abandoned), resolved by the district court's partial summary judgment.

After our decision in <u>King I</u>, the parties returned to the district court to resolve the only remaining claim: the unpaid-for attorneys' fees arising out of the defense of the King Plaintiffs in <u>McFarlin</u>. Much to the district court's surprise though, when the parties returned for a status conference on that claim, Appellants contended that they were entitled to recover from Nationwide not only the unpaid-for attorneys' fees, but also consequential damages in an amount Appellants estimated to be <u>$1,200,000</u>. The district court found the damages were precluded, by virtue of its previous order, which was affirmed in <u>King I</u>.

Under the law-of-the-case doctrine, courts are precluded from "revisiting issues that were decided explicitly or by necessary implication in a prior appeal." <u>Schiavo v. Schiavo</u>, 403 F.3d 1289, 1291 (11th Cir. 2005); <u>Kaly v. All Defendants</u>, 389 F.3d 1191, 1198 (11th Cir. 2004) ("Realizing that a prior decision is law of the case as to

4

matters decided explicitly and by necessary implication, we find that our prior affirmation of the district court constitutes law of the case here . . . .”), cert denied, 125 S. Ct. 2523 (2005).  In short, our decision in King I, precludes us from revisiting issues other than the claim for attorneys’ fees, because it was the only claim left after the district court’s partial summary judgment and our affirmance of it.   The district court likewise correctly declined to revisit the issue of consequential damages on remand from our King I decision.

**AFFIRMED.**