[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11751
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:04-cv-00054-MP-AK

ROBERT B. LEWIS,

Plaintiff-Appellant,

versus

ASPLUNDH TREE EXPERT COMPANY,
A Pennsylvania corporation, et al.,

Defendants,

CITY OF GAINSVILLE,
A political subdivision,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 8, 2010)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Robert B. Lewis, an African-American male, filed a lawsuit against his former employer, Asplundh Tree Expert Company, alleging racial discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2(a) and 2000e–3(a). He also named as defendants the City of Gainesville, alleging violations of his rights under Title VII and 42 U.S.C. § 1983, and an employee of a City agency, James R. Evans, alleging violations of his rights under § 1983 and Florida tort law. Lewis settled with Asplundh and voluntarily dismissed his claims against it. Lewis' § 1983 and Florida tort law claims were later dismissed as time-barred. See Lewis v. Asplundh Tree Expert Co., 305 Fed. Appx. 623, 628 (11th Cir. 2008).

The only claim remaining in this appeal is Lewis' Title VII claim against the City. The district court granted summary judgment in favor of the City on that claim, concluding that the City was not named as a party in Lewis' charge with the Equal Employment Opportunity Commission. Lewis appeals that judgment.

Lewis' allegations against the City arise out of his employment as a laborer with Asplundh. During that time Asplundh had a three-year utilities installation contract with Gainesville Regional Utilities (GRU), a municipal agency operated

2

by the City. Lewis alleged that Evans—the GRU site inspector responsible for inspecting and approving Asplundh's work for compliance with contract plans and specifications—continuously harassed Asplundh's African-American employees. That harassment included placing a noose around Lewis' neck and threatening to hang him in a tree. After Lewis reported Evans' conduct to his superiors at Asplundh and was eventually laid off, he filed a charge with the EEOC. After the EEOC failed to resolve his claim with Asplundh, issued a right-to-sue letter, and sent notice of that letter to Asplundh, Lewis filed this lawsuit.

Lewis contends that the district court erred by concluding that he did not satisfy the precondition of naming the City in his EEOC charge because the purposes of Title VII were fulfilled. He bases that contention on the fact that the body of his EEOC charge identified Evans in his position as a GRU inspector as the person who allegedly discriminated acts against him. He further asserts that because various City employees had actual notice of the EEOC charge against Asplundh and the investigation of Asplundh, the City had adequate notice that it could be named as a defendant in a later lawsuit and was not prejudiced by Lewis' failure to name the City anywhere in his EEOC charge.

"We review de novo a district court's grant of summary judgment." Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1263 (11th Cir. 2010).

3

"We will affirm if, after construing the evidence in the light most favorable to the non-moving party, we find that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Id. at 1263–64.

A person seeking to file a lawsuit under Title VII must first file a charge with the EEOC alleging a Title VII violation, and then obtain authorization from the EEOC or, in the case of a political subdivision of a state government, the Attorney General.[1] See Virgo v. Riviera Beach Assoc., Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994); 42 U.S.C. § 2000e–5(f)(1). Generally, a party not named in the EEOC charge may not be sued in a later civil action. Virgo, 30 F.3d at 1358. That naming precondition "serves to notify the charged party of the allegation and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." Id.

That naming precondition, however, must be liberally construed. Id. Sometimes a party not named in the EEOC charge may still be sued in a later civil action but only if doing so fulfills the purposes of the Title VII. Id. at 1358–59. In

---

[1] The City argues alternatively that Lewis did not receive the requisite authorization from the Attorney General in the form of a right-to-sue letter. The record does not contain any right-to-sue letter from the Attorney General or show any efforts by Lewis or the EEOC to obtain such a letter. Because we affirm on other grounds, however, we need not reach that issue.

analyzing whether the purposes of Title VII are met, this Court considers several factors, including:

> (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation [sic] process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

Id. at 1359. That is not meant to be a "rigid test" and "[o]ther factors may be relevant depending on the specific facts of the case." Id.

One additional factor sometimes considered by this Court is whether an investigation of the unnamed party "could have reasonably grown out of [the EEOC] charge." Hamm v. Members of Bd. of Regents, 708 F.2d 647, 650 (11th Cir. 1983); see also Terrell v. U.S. Pipe & Foundry Co., 644 F.2d 1112, 1123 (5th Cir.1981), vacated on other grounds sub nom. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Terrell, 456 U.S. 955, 102 S.Ct. 2028 (1982).[2] That factor weighs in favor of inclusion of an unnamed party if the party's identity or participation in the alleged discrimination is or is likely to be uncovered during

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

the EEOC's reasonable investigation growing out of the charge. See Terrell, 644 F.2d at 1123.

Permitting Lewis to sue the City despite his failure to name it as a party in his EEOC charge would not further the purposes of Title VII. None of the factors weigh in Lewis' favor. There is no similarity of interest between the City and Asplundh. A short term contractual relationship was the only legal relationship between Asplundh—a private contractor and Lewis' employer—and the City. Lewis could have easily ascertained the City's identity before filing his EEOC charge. In fact, he clearly knew the City's identity because he included Evans—an employee of a City agency—in the factual description part of his EEOC charge. While the City had notice of the charges against Asplundh, it had no notice of charges or any potential charges against it on the theory that it was Lewis' employer under Title VII. The City was not included or invited to participate in any part of the EEOC conciliation process. The City was prejudiced by facing a lawsuit without notice from Lewis or the EEOC that they would seek to impose Title VII liability against the City and without an adequate opportunity to participate in the conciliation process.

Additionally, it is difficult to say that investigation of the City did or reasonably could have grown out of Lewis' EEOC charge. The EEOC

investigated Lewis' charge for nearly three years and never thought to include the City within the scope of its investigation. That the EEOC did not pursue the City makes sense. It would be a stretch for an EEOC investigator to consider the relationship between Lewis and the City to be an employer-employee relationship that would trigger liability under Title VII. Lewis was an employee of an independent contractor of the City, not an employee of the City. Investigation of the City thus did not and could not have reasonably grown out of the EEOC charge against Lewis's employer, Asplundh. Accordingly, the district court did not err in granting the City's motion for summary judgment.

**AFFIRMED.**