Emmanuel AUGUSTIN, Plaintiff,

v.

SANTANDER CONSUMER
USA, INC., Defendant.

Case No. 6:11–cv–1329–Orl–36KRS.

United States District Court,
M.D. Florida,
Orlando Division.

Signed Aug. 7, 2012.

Scott David Owens, Scott D. Owens, Esq., Fort Lauderdale, FL, for Plaintiff.

Jacquelynne Jordan Regan, Richard S. Dellinger, Lowndes, Drosdick, Doster, Kantor & Reed, PA, Orlando, FL, Travis Sabalewski, Reed Smith, LLP, Richmond, VA, for Defendant.

## *ORDER*

CHARLENE EDWARDS HONEYWELL, District Judge.

This cause comes before the Court on Defendant Santander Consumer USA, Inc.'s ("Defendant") Motion to Dismiss or in the alternative, Motion for a More Definite Statement ("Motion to Dismiss") (Doc. 9). Plaintiff Emmanuel Augustin ("Plaintiff") filed a Response in opposition ("Response") (Doc. 10). The Motion to Dismiss is ripe for review. Upon due consideration, the Court will grant Defendant's Motion to Dismiss.

## I. BACKGROUND

On August 10, 2011, Plaintiff filed a Complaint seeking statutory damages for Defendant's alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") (Doc. 1). Specifically, Plaintiff claims that Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone more than one hundred (100) times over a three-year period, "seeking to collect an alleged debt belonging to another individual." (Doc. 1, ¶¶ 1, 13). Plaintiff maintains that the alleged debt is not his, but may belong to his girlfriend who had prior business with the Defendant or another creditor who sold its interest to the Defendant. Id., at ¶ 13 n. 1. The Complaint does not provide Plaintiff's telephone number, the number from which he received the allegedly unlawful calls, or the name or number of his girlfriend, the possible intended recipient of Defendant's calls (Doc. 9, p. 8). The instant Motion to Dismiss follows.

## II. STANDARD

To survive a motion to dismiss, a pleading must include a " 'short and plain statement showing that the pleader is entitled to relief.' " Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. Id. (citing Bell Atlantic Corp., et al. v. Twombly, et al., 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Mere naked assertions, too, are not sufficient. Id. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. Id. at 1950. Therefore, "only a claim that states a plausible claim for relief survives a motion to dismiss." Id.

Upon consideration of a Motion to Dismiss based upon Federal Rule of Civil Procedure 12(b)(6), a district court must "limit[ ] its consideration to the pleadings and exhibits attached thereto". Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir.2000); Lewis v. Asplundh Tree Expert Co., 305 Fed.Appx. 623 (11th Cir. 2008). If the parties present evidence outside of the pleadings, and the district court considers that evidence, then the motion to dismiss is converted into a motion for summary judgment. See Fed.R.Civ.P. 12(d); Finn v. Gunter, 722 F.2d 711, 713 (11th Cir.1984).

## III. ANALYSIS

### A. Plaintiff's Complaint does not sufficiently plead a claim under the TCPA.

The TCPA prohibits unsolicited phone calls that utilize prerecorded messages. 47 U.S.C. § 227(b)(1)(A)(iii) [1]; see also Florida Dept. of Agric. and Consum-

---

1. The TCPA provides in relevant part:
   It shall be unlawful for any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;" 47 U.S.C. § 227(b)(1)(A)(iii).

*er Services v. Sports Authority Florida, Inc.,* 2004 WL 5383631, *1 (M.D.Fla.2004). To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must allege that: (1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A); *Zehala v. American Express,* 2011 WL 4484297, *5 (S.D.Oh. 2011). Defendant bears the burden of establishing prior consent. *Pollock v. Bay Area Credit Serv., LLC,* 2009 WL 2475167, *9–10 (S.D.Fla.2009).

Defendant argues that Plaintiff has failed to adequately state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and in the alternative, moves the Court for a more definite statement pursuant to 12(e). Doc. 9, p. 1. The Complaint does not provide the number from which Plaintiff received the allegedly unlawful calls, any of Plaintiff's several cell phone numbers,[2] the name or phone numbers of his girlfriend, whom the "alleged debt quite possibly belongs to", or the specific date or time of any of the alleged calls. *See* Doc. 1, ¶ 13, n. 1, ¶ 2223. As such, Defendant argues that the Complaint fails to give sufficient notice of the claims against it, and "lacks sufficient information to determine whether it or its agents *ever* called a telephone belonging to [Plaintiff]" and "tenders nothing more than naked assertions that are completely devoid of further factual enhancement." Doc. 9, p. 6 (emphasis in original). In support of its argument, Defendant cites *Abbas v. Selling Source, LLC,* 2009 WL 4884471

(N.D.Ill.2009); Doc. 9; pp. 5–6. In *Abbas,* plaintiff's broad, conclusory allegations regarding "numerous" additional text messages that he allegedly received, without describing what the messages stated, when plaintiff received them, or from what number he received them, were insufficient to put defendant on notice under the TCPA, and thus dismissed with leave to amend. *Abbas v. Selling Source,* 2009 WL 4884471, *2 (N.D.Ill.2009). As Defendant argues, the plaintiff in *Abbas* provided enough information to identify the "initial, offending [communication]" and his complaint was dismissed. *Id.;* Doc. 9, p. 6. By comparison, here Plaintiff has not even provided enough information to determine whether Defendant ever called a phone belonging to Plaintiff or his unidentified girlfriend.

In Response, Plaintiff maintains that "the requested information is protected, personal consumer information and should not be disclosed in a lawsuit or made available to the general public; moreover, the requested information is readily ascertainable through the discovery process." Doc. 10, p. 2. The sole case Plaintiff cites in support of arguing that his allegations sufficiently state a claim, *Griffith v. Consumer Portfolio Serv., Inc.,* 838 F.Supp.2d 723 (N.D.Ill.2011), does not address the sufficiency of a pleading under the TCPA.[3] *Id.,* pp. 3–4.

■ The Court has reviewed TCPA cases holding that notice pleading does not require plaintiffs to allege details about the time and context of every accused communication. *See Buslepp v. Improv Miami, Inc.,* 2012 WL 1560408, *1

---

**2.** Plaintiff alleges that due to Defendant's persistent phone calls, he "was compelled to change his cellular telephone number on multiple occasions." Doc. 1, ¶ 22.

**3.** In *Griffith,* the court denied defendant's motion for summary judgment, finding that de-

fendant employed an "automatic telephone dialing system" to call its customers, and rejected the argument that the TCPA only applies to telemarketing and not debt collection. *Griffith v. Consumer Portfolio Serv., Inc.,* 838 F.Supp.2d at 726–28.

(S.D.Fla.2012) ("[t]he fact that Plaintiff does not identify the specific telephone number called ... is not fatal under *Twombly* and *Iqbal.* Plaintiff has alleged the date and content of the text message."); *Kramer v. Autobytel, Inc.*, 759 F.Supp.2d 1165, 1171 (N.D.Ca.2010) (finding, where plaintiff describes messages from a particular cell phone number and code, including dates and content of eight of the ten messages he allegedly received, "the complaint contains sufficient facts to show a plausible claim".) However, the Court has not identified, nor has Plaintiff presented, any case permitting a TCPA claim with such limited factual allegations to survive a motion to dismiss. To the contrary, Plaintiff's contention that he must only allege that a call was placed to a cellular phone using an automatic telephone system, without any dates, details or identifying phone numbers, is not supported by case law. Doc. 10, p. 3; *See, e.g. Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 233 (S.D.Ill.2011) (finding that an amended complaint would not survive a motion to dismiss because the proposed amendment contained "no factual allegations that the Defendant made any call to Plaintiff's cell phone number."); *Zehala*, 2011 WL 4484297 at *1, *5 (denying a motion to dismiss where plaintiff, who acknowledged an account with defendant debtor in his name and provided the last five digits of his account number, alleged that a call was made without his consent by a prerecorded voice to his cell phone).

Here, Plaintiff alleges that Defendant called his cell phone over one hundred times over a period of three years, using an automated telephone system, without his consent. Doc. 1, ¶¶ 21, 24, 25. Plaintiff presumes the purpose of these calls was to collect "debt quite possibly belong[ing] to his girlfriend who has had previous business dealings with either Defendant" or another creditor, but does not provide the dates of the calls, his phone number, his girlfriend's name or phone number, or the number from which he received the allegedly unlawful calls. *Id.*, ¶ 13, n. 1. The Court agrees that Defendant cannot check the files of the intended recipient of the calls, Plaintiff's girlfriend, without her name or either of their cell phone numbers, or the numbers from which the calls were allegedly placed. Doc. 9, p. 6. Although Plaintiff has recited the elements of a TCPA claim, he has not "give[n] the defendant fair notice of what the .... claim is and the ground upon which it rests[.]" *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955. Because the Complaint lacks sufficient factual allegations "to draw the reasonable inference that the defendant is liable for the misconduct alleged," it must be dismissed. *Iqbal*, 129 S.Ct. at 1948–49.

**B. To the extent Plaintiff wishes to avoid providing private information, he may move to submit an amended complaint under seal or file a redacted amended complaint.**

Although Plaintiff's Complaint is insufficient to sustain Defendant's 12(b)(6) challenge, the Court acknowledges Plaintiff's concern with providing personal information to the general public.[4] *See* Doc. 10, pp. 2, 6. First, it is evident that Plaintiff could have alleged more facts without re-

---

**4.** However, Plaintiff's fear that "if he releases his cellular telephone number in such a public manner, Defendant, or its' agents, will continue to call and harass him" is illogical and directly contradicts his argument that the requested information is readily ascertainable through the discovery process, since any discovery in this action would be with Defendant. Doc. 10, pp. 1–2.

vealing his own information, including the number from which he received the alleged calls, the dates he changed his cell phone number (Doc. 1, ¶¶ 1, 22, 23), specific dates of any calls, information about "someone else's debt" which Defendant's representatives discussed with Plaintiff (*Id.,* ¶ 19), and the name and number of his girlfriend, to which "the alleged debt quite possibly belonged" (*Id.,* ¶ 13 n. 1). Although Plaintiff is correct that the discovery process is appropriate for fact development,[5] he is required to plead sufficient factual allegations to state a plausible claim for relief. Moreover, to the extent Plaintiff needs to reveal private information in order to adequately plead a claim against Defendant for alleged violations of the TCPA, he may request permission from the Court to file an amended complaint under seal. Alternatively, Plaintiff may file a redacted amended complaint, which includes only the last four digits of private telephone numbers, financial account numbers, etc.

## IV. *CONCLUSION*

Upon due consideration, Plaintiff's Complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant's Motion, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) is granted to the extent that Plaintiff is given leave to amend his complaint consistent with this order.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Defendant Santander Consumer USA, Inc.'s Motion to Dismiss, or in the alternative, Motion for a More

Definite Statement (Doc. 9) is **GRANTED.**

2. Plaintiff Emmanuel Augustin's Complaint (Doc. 1) is **DISMISSED without prejudice.**

3. Plaintiff is granted leave to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this Order which corrects the deficiencies identified in this Order.

---

5. Indeed, the *Buslepp* and *Kramer* courts find that any remaining facts required to specifically identify the accused text messages and calls could be disclosed during discovery. *Buslepp,* 2012 WL 1560408, *1; *Kramer,* 759 F.Supp.2d at 1171.