[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14927
Non-Argument Calendar

_____

D. C. Docket No. 07-00110-CV-WLS-7

THEODORIC F. OLIVER,

Plaintiff-Appellant,

versus

NATIONAL BEEF PACKING COMPANY, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 18, 2008)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Theodoric F. Oliver, proceeding pro se on appeal, challenges the district

court's grant of summary judgment in favor of his former employer, National Beef Packing Company, LLC ("National Beef"), in his employment discrimination suit under Title VII, 42 U.S.C. § 2000e-2(a)(1), and 42 U.S.C. § 1981. In his complaint, Oliver raised three claims of race discrimination regarding: (1) a written job performance counseling document received for being in the maintenance shop without any work gear, indicating that he had not initially reported to the production floor to obtain the gear as required; (2) National Beef's termination of his employment after he left work early without permission from a supervisor; and (3) National Beef's failure to promote him to a lead employee position. The district court found that he failed to present a prima facie case of discrimination regarding any of these claims and granted summary judgment to National Beef on all claims.[1]

On appeal, Oliver argues that the court erred in finding a failure to establish a prima facie case of discrimination.[2] Regarding the second claim, he specifically

_____

[1] Although the parties do not address the issue on appeal, we note that the district court failed to give Oliver proper Fed.R.Civ.P. 56(c) notice regarding the motion for summary judgment. See Griffith v. Wainwright, 772 F.2d 822, 824 (11th Cir. 1985). Nevertheless, counsel represented Oliver before the district court and he responded to the motion with a memorandum and supporting affidavits. Accordingly, the record indicates that he had the opportunity to make all the arguments and submit all the documents he would have presented with proper Rule 56(c) notice, and any error in that regard was harmless. See Denis v. Liberty Mut. Ins. Co., 791 F.2d 846, 850 (11th Cir. 1986).

[2] We liberally construe pro se briefs. Finch v. City of Vernon, 877 F.2d 1497, 1504 (11th Cir. 1989).

argues that National Beef's explanation for not promoting him – that the candidate chosen was better qualified – was pretextual. We address Oliver's three discrimination claims in turn.

## I.

A plaintiff may establish a claim of race discrimination under Title VII by direct or circumstantial evidence. When only the latter is relied on, we use the three-step burden shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004) (Title VII); Crawford v. Western Electric Co., 745 F.2d 1373, 1376 (11th Cir. 1984) (§ 1981).

Under this framework, the plaintiff first has the burden of establishing a prima facie case of race or gender discrimination, which "creates a rebuttable presumption that the employer acted illegally." Wilson, 376 F.3d at 1087. A plaintiff can establish a prima facie case by showing that: (1) he was a member of a protected class; (2) he was qualified to do the job; (3) he was subjected to an adverse employment action by his employer; and (4) similarly situated employees outside of the protected class were treated more favorably. Id. Nevertheless, the prima facie case formulation is flexible and often dependent on the particular facts of a case. Id.

In this case the district court did not err in finding that Oliver did not

demonstrate a prima facie claim of race discrimination based on his receipt of a

written job performance counseling document. Initially, it is not clear that the

counseling document even constitutes an adverse employment action. Both Oliver

and a white employee were given the counseling document on the basis that neither

employee had initially reported to the production floor as required. In both cases,

the document was discarded when both employees gave an adequate explanation

for the failure. Even if the action could be construed as an adverse employment

action, the district court correctly determined that Oliver did not show that any

similarly situated employee outside of the protected class was treated more

favorably. Oliver only identified one additional employee, Mark Ayers, as

allegedly engaged in similar misconduct but treated more favorably. However,

Ayers's supervisor understood that, unlike Oliver, Ayers had reported first to the

production floor as required by the policy, as reflected in the fact that Ayers had

his helmet, hairnet, jacket and frock and was only missing his tools. Thus, Ayers

was not a proper comparator. Oliver did not present a prima facie case of race

discrimination with regard to the counseling write-up.

## II.

With respect to his termination claim, Oliver had the burden of showing,

4

among other things, that: (1) he was a member of a protected class; (2) he was qualified to do the job; (3) he was subjected to an adverse employment action by his employer; and (4) similarly situated employees outside of the protected class were treated more favorably. Wilson, 376 F.3d at 1087.

Oliver was terminated because he left work during the middle of his shift without the permission of supervisor and after a Maintenance Lead specifically told him to seek the permission. In addition, he called the plant manager ten minutes after he left complaining about his supervisors and hung up without letting the plant manager speak. We find no error. The district court properly found that Oliver did not establish a prima facie case of race discrimination regarding his termination claim because he did not satisfy the fourth element of the prima facie case – identification of a proper comparator. Oliver identifies on appeal one possible comparator: Todd Rearick.[3] However, Rearick was a temporary employee at the Moultrie facility on loan from another facility as a Maintenance Lead and fled from the facility in order to avoid an impending physical confrontation with other employees. Rearick was not a proper comparator and Oliver did not

---

[3] Oliver identified two other possible comparators, Mark Ayers and Dennis Law, before the district court, but he neglects to mention them in his brief on appeal. Accordingly, he has abandoned any argument in that regard. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Even assuming, arguendo, that he preserved the issue, we conclude that Ayers and Law were not proper comparators. Specifically, the record does not demonstrate that National Beef management was aware of any misconduct by Ayers and Law that was nearly identical to that engaged in by Oliver.

establish a <u>prima facie</u> case of race discrimination regarding his termination.

III.

To establish a <u>prima facie</u> case of race discrimination for a failure to promote claim, a plaintiff may show: (1) he was a member of a protected class; (2) he was qualified and applied for the promotion; (3) he was rejected despite his qualifications; and (4) the employer continued to seek applicants for the position or promoted another employee who was not a member of the protected class. <u>Walker v. Mortham</u>, 158 F.3d 1177, 1191-92 (11th Cir. 1998). For the purposes of a failure to promote claim, an employee's qualification for the promotion is judged at the time the promotion decision was made. <u>See</u> <u>Hill v. Seaboard Coast Line R. Co.</u>, 767 F.2d 771, 774 (11th Cir. 1985). Because a promotion in the employment context is understood to occur when an employer hires an in-house employee for a higher position, a plaintiff must have been employed by the defendant employer to bring a failure to promote claim. <u>See</u> <u>Davis v. Coca-Cola Bottling Co.</u>, 516 F.3d 955, 961 n.4 (11th Cir. 2008).

Here Oliver failed to presented a <u>prima facie</u> case of discrimination regarding his failure to promote claim because  National Beef had terminated his employment prior to making the decision and filling the lead maintenance worker position at issue. As he was not employed by National Beef, he has no claim

against them for failing to promote.

**AFFIRMED.**