**MATTHEW FOCHT ENTERPRISES, INC., a Georgia corporation, Plaintiff–Counter–Defendant–Appellant,**

v.

**Michael LEPORE, an individual, Defendant–Counter–Claimant– Appellee.**

**No. 15–13848**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 17, 2016.

Charles Bachman, Jr., Carl George Kleeman, IV, William Patrick Miles, Jr., Gregory Doyle Calhoun & Rogers, LLC, Marietta, GA, Plaintiff–Counter–Defendant–Appellant.

Robert Michael Dees, W. Braxton Gillam, IV, Glen Alan Howard, Patrick W. Joyce, Paul M. Renner, Milam Howard Nicandri Dees & Gillam, PA, Jacksonville, FL, Myles Eric Eastwood, Eastwood Law Firm, Atlanta, GA, Defendant–Counter–Claimant–Appellee.

Before WILSON, ROSENBAUM, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Matthew Focht Enterprises, Inc. ("MFE"), appeals the district court's order granting Appellee Michael Lepore's ("Lepore") motion for attorney's fees. We affirm.

## BACKGROUND

MFE is an independent sales organization that sells, on behalf of credit card processing companies, credit card processing services to retail merchants. MFE receives a portion of the processing fees charged by the processing companies to the merchants it solicits. MFE contracts with sales agents to solicit merchants on its behalf, and it pays the sales agents a commission. Lepore was a sales agent for MFE. In March 2009, the parties entered into an Independent Contractor Agreement ("Agreement") that governed, among other things, the parties' relationship and the commissions paid by MFE to Lepore. The Agreement was in force for three years.

Section 5.04 of the Agreement contains a limitation of liability provision that states, in relevant part:

UNDER NO CIRCUMSTANCES SHALL [PLAINTIFF'S] TOTAL LIABILITY TO [DEFENDANT] OR ANY THIRD PARTY ARISING OUT OF OR RELATED TO THIS AGREEMENT EXCEED TEN THOUSAND DOLLARS ($10,000) REGARDLESS OF

WHETHER ANY ACTION OR CLAIM IS BASED ON WARRANTY, CONTRACT, TORT OR OTHERWISE. (R. Exh. A § 5.04.)

Section 6.13 of the Agreement contains a provision concerning attorney's fees. It states that if suit or arbitration is commenced to enforce or interpret any part of this Agreement, "the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, including expert witness fees and fees on any appeal." (*Id.* at § 6.13.) The Agreement further provides that it is "governed by and construed in accordance with the laws of the State of Georgia." (*Id.* at § 6.12.)

On November 12, 2012, MFE filed a complaint against Lepore in the Superior Court of Cobb County, Georgia. Lepore removed the action to federal court based on diversity jurisdiction. In its amended complaint, MFE asserted nine causes of action arising from allegations that Lepore, MFE's former sales representative, breached various contractual and fiduciary duties. Lepore filed a counterclaim in January 2013, asserting five causes of action against MFE. The parties stipulated to the dismissal of two counts, and the district court granted Lepore's motion for summary judgment on MFE's claims for breach of contract, tortious interference, and injunction.

Prior to trial, MFE filed a motion in limine to bar Lepore from introducing breach of contract damages in excess of $10,000 because the Agreement capped compensation damages at this amount and from arguing that he did not owe a fiduciary duty to MFE. The district court entered an interlocutory order granting MFE's motion in limine as to Lepore's damages claim, but denying the motion to preclude Lepore from arguing that he did not owe a fiduciary duty to MFE. The case proceeded to trial on the remaining claims:

MFE's claim for breach of fiduciary duty, including injunctive relief, and for punitive damages; and Lepore's claim and request for declaratory judgment based on the breach of contract claim for failure to pay post-termination compensation. The jury rendered its verdict in Lepore's favor on MFE's remaining claim for breach of fiduciary duty and Lepore's counterclaim for breach of contract. The district court entered judgment against MFE and in favor of Lepore and dismissed the case. MFE did not appeal this judgment or the interlocutory order on the limitation of liability issue.

Thereafter, the parties filed cross-motions for attorney's fees. MFE sought attorney's fees and costs, claiming it was the prevailing party on Lepore's pre-termination breach of contract claim. Lepore sought attorney's fees and costs, claiming he was the prevailing party on all of MFE's claims. The parties relied on § 6.13 of the Agreement. The district court initially denied both motions, but later allowed the parties to file new motions for attorney's fees and costs that were limited to the fees and costs incurred or for which an award under § 6.13 is permitted. The district court subsequently found that the limitation of liability provision in § 5.04 did not apply to Lepore's claim for attorney's fees. Thus, the district court granted Lepore's motion for attorney's fees in the amount of $176,085.13 pursuant to § 6.13 of the Agreement.

## II. ISSUE

Whether the district court erred in finding that the limitation of liability clause in the Agreement did not apply to Lepore's claim for attorney's fees and costs.

## III. DISCUSSION

Initially, we note that MFE did not raise the specific issue it raises on appeal to the

district court in its motion in limine or its motion for attorney's fees. The limitation of liability argument that MFE asserted in its motion in limine pertained to the limitation of damages to $10,000. MFE made no assertion that this limitation of liability applied to a prevailing party's request for attorney's fees and costs. Accordingly, MFE did not preserve this issue for appellate review, and we can decline to consider it. *See Iraola & CIA, S.A. v. Kimberly–Clark Corp.*, 325 F.3d 1274, 1284–85 (11th Cir.2003) (noting that this court has previously stated, "[f]ailure to raise an issue, objection or theory of relief in the first instance to the trial court generally is fatal.") (quoting *Equal Employment Opportunity Comm'n v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir.2000)). "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Iraola*, 325 F.3d at 1284–85 (internal quotation marks omitted).

"Despite this general rule, the appellate court has the discretion to resolve a question for the first time on appeal." *Denis v. Liberty Mut. Ins. Co.*, 791 F.2d 846, 849 (11th Cir.1986). In this case, the question is academic because, even if MFE had preserved the issue for review, it has no merit. Georgia law governs the Agreement at issue, and pursuant to Georgia law, the "cardinal rule of contract construction is to ascertain the intention of the parties." *Lay Bros. Inc. v. Golden Pantry Food Stores, Inc.*, 273 Ga.App. 870, 616 S.E.2d 160, 163 (2005) (citation omitted). The courts should consider the contract as a whole document. *Id.* Courts should "avoid any construction that renders portions of the contract language meaningless." *RLI Ins. v. Highlands on Ponce, LLC*, 280 Ga.App. 798, 635 S.E.2d 168, 172 (2006). When a court interprets a contract, it should first determine if the contract's language is clear and unambiguous. *Harris v. Distinctive Builders, Inc.*,

249 Ga.App. 686, 549 S.E.2d 496, 498 (2001). If it is clear, then the court simply enforces the contract according to is terms. *Id.* If it is ambiguous, the court must apply the rules of contract construction to resolve the ambiguity, and if the court cannot resolve the ambiguity, a jury must do so. *Id.* at 498–99. *See also Cox v. Athens Reg'l Med. Ctr.*, 279 Ga.App. 586, 631 S.E.2d 792, 796 (2006) (noting that courts need not resort to the rules of construction "when the language employed by the parties in the contract is plain, unambiguous, and capable of only one reasonable interpretation"). A contract is not ambiguous "unless and until an application of pertinent rules of interpretation leaves it uncertain to which of two or more possible meanings represents the true intention of the parties." *Lay Bros.*, 616 S.E.2d at 163.

Section 6.13 is not ambiguous. It clearly provides the prevailing party with the opportunity to recover its attorney's fees and costs. Reading this section along with § 5.04, there is no ambiguity or conflict. Lepore could prevail on his claim for commissions, although he was limited to $10,000 in damages, and still be a prevailing party allowed to recover his reasonable fees and costs. Nothing in the Agreement provides to the contrary. Accordingly, we affirm the district court's order granting fees and costs to Lepore.

**AFFIRMED.**